```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


UNITED STATES OF AMERICA        )
                                )
           v.                   )     1:08cr425 (JCC/JFA)
                                )
DANIEL JOSEPH SWEENEY,          )
                                )
     Petitioner.                )
```

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant Daniel Joseph Sweeney's Motion for Modification of Supervised Release (the Motion). [Dkt. 30.] For the following reasons, the Court will grant in part and deny in part Defendant's Motion.

### I.  Background

On March 13, 2009 Defendant was sentenced to forty one months of incarceration and twenty years of supervised release for possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2256(8)(A). [Dkt. 28.] As part of the sentence, the Court ordered both standard and special conditions of supervised release. [Dkt. 28.]

Defendant filed the Motion on July 11, 2011. He requests the Court to reduce by deletion or modification the following three special conditions:

>Condition 1: "The defendant shall participate in and pay for a mental health program, as directed by the Probation Officer." (Condition 1.)
>
>Condition 2: "The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the Probation Officer and authorize communication between the Probation Officer and the treatment provider." (Condition 2.)
>
>Condition 5: "Defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the Probation Officer." (Condition 5.)

(Mot. [Dkt. 30] at 2.) The United States filed a Memorandum in Opposition to the Motion on August 9, 2011. [Dkt. 32.] On December 2, 2011, this Court held a hearing in accordance with Fed. R. Civ. P. 32.1.

Defendant's Motion is now before the Court.

## II. Standard of Review

18 U.S.C. § 3583(e)(2) permits a district court, upon consideration of the factors listed in 18 U.S.C. § 3553, to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2).

"District courts have broad latitude to impose conditions on supervised release." *United States v. Armel*, 585

2

F.3d 182, 186 (4th Cir. 2009)(quoting *United States v. Dotson*, 324 F.3d 256, 260 (4th Cir. 2003)). Generally, they may impose any condition that is "reasonably related" to certain statutory sentencing factors, "involves no greater deprivation of liberty than is reasonably necessary," and is "consistent with Sentencing Commission policy statements." *See* 18 U.S.C. § 3583(d).

### III. Analysis

Defendant argues that this Court should modify and/or vacate the three conditions on the grounds that they are not reasonably related to the sentencing factors, are unreasonable restrictions on his liberty, are an improper delegation of authority to the U.S. Probation Office, and are vague. The Court will consider each of these arguments in turn.

A. Reasonable Relationship to Sentencing Factors

A special condition to supervised release must be "reasonably related" to the following sentencing factors: the nature and circumstances of the offense and the history and characteristics of the defendant, affording adequate deterrence of criminal conduct, protecting the public from further crimes of the defendant, and providing the defendant with training, medical care, or correctional treatment. *See* 18 U.S.C. § 3583(d)(1)(referencing the factors in 18 U.S.C. §§ 3553(a)(1) and (a)(2)(B)-(D)).

3

### a. Condition 1 and Condition 2

Defendant argues that Condition 1, participation in a mental health program, and Condition 2, a waiver of confidentiality rights regarding mental health treatment, are unreasonably related to the pertinent sentencing factors. (Mot. at 9-12.) Defendant notes that he "has no prior offenses and his criminal conduct will have occurred over four years prior to the commencement of [the special conditions]." (Mot. at 12.) He argues that his "chance of recidivism is nil." (Mot. at 3.) And, he argues that new information about computer monitoring programs, recidivism rates, and the positive effects of treatment would have led this Court to impose different conditions. (Mot. at 18.)

The Sentencing Guidelines state that if the district court has "reason to believe that the defendant is in need of psychological or psychiatric treatment," it may impose a special condition that requires the defendant to "participate in a mental health program approved by the United States Probation Office." U.S.S.G. § 5D1.3(d)(5). The Fourth Circuit has explained that "such programs are directed toward helping a defendant overcome any sexual deviance and assessing the threat he might pose to society . . . ." *United States v. Henson*, 22 F. App'x 107, 112 (4th Cir. 2001).

In this case, Defendant was convicted of possessing child pornography and there are multiple indications that Defendant had difficulty stopping himself from viewing the images.  (Statement of Facts [Dkt. 17] (SOF) at 5-7.)  Notably, he failed to stop even after fellow sailors had caught him while stationed on the U.S.S. Mason and he failed to stop after he had given U.S. Immigration and Customs Enforcement agents consent to search his personal computer.  (SOF at 6.)  Although Defendant claims that his chance of recidivism is low, this Court finds that Condition 1 is reasonably related to society's interest in having a mental health expert assess the threat Defendant poses to society and provide necessary mental health treatment.  Condition 2, a waiver rights of confidentiality regarding mental health treatment, facilitates that assessment and treatment and is thus, similarly reasonably related to the sentencing factors.

Defendant has not pointed to anything specific to suggest that assessment and treatment are unreasonable in this case.  Defendant attempts to rely on *United States v. Scott*, 270 F.3d 632 (8th Cir. 2001), in which the court struck down a special condition that required the defendant to participate in a mental health program.  But in that case the court did so because "the condition did not bear a reasonable relationship to the current offense of mail fraud."  *Id*. at 635-36.  Here the conditions are based on the instant offense: possession of child

5

pornography.  Thus, this Court finds that Conditions 1 and 2 are necessary to assess Defendant's *current* risk to society and need for treatment.

### b. Condition 5

Defendant also argues that Condition 5, which requires all of his contact with minors to be supervised by an adult approved by his probation officer, is not reasonably related to the pertinent sentencing factors.  (Mot. at 2, 11, 19.)  Unlike mental health program participation, the Sentencing Guidelines are silent as to restrictions on contact with minors when the defendant is convicted of a sex offense.  *See* U.S.S.G. § 5D1.3. Courts have, however, upheld a variety of restrictions on contact with minors in cases where the charge was possession of child pornography.  *See e.g., United States v. Daniels*, 541 F.3d 915 (9th Cir. 2008).  Some conditions prevent defendants from accessing areas where children frequent.  *See id.* at 928 (the defendant is prevented from "frequent[ing], or loiter[ing], within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18").  Other conditions require contact with children be approved by a Probation Officer.  *See United States v. Maurer*, 639 F.3d 72, 85-86 (3d Cir. 2011)(The defendant is prevented from "from having any contact with children of either sex, under the age of

6

18, without the expressed approval of the U.S. Probation Office"). And others, like Condition 5, require any contact with children be supervised by an adult approved by a probation officer. *See United States v. Miller*, 594 F.3d 172, 190 (3d Cir. 2010) ("With the exception of brief, unanticipated, and incidental contacts, the [d]efendant shall not associate with children under the age of 18 except for family members or children in the presence of an adult who has been approved by the probation officer.").

In most cases with a restriction on contact with minors, either the nature and circumstances of the offense, or the history and characteristics of the defendant, indicate that the defendant is inclined to cross the threshold from viewing child pornography to making inappropriate contact with children. *See Maurer*, 639 F.3d at 85 (noting that the defendant over the internet suggested a meeting with a minor for a sexual encounter); *Daniels*, 541 F.3d at 928 (noting emails the defendant had written about having engaged in sexually explicit acts with children); *United States v. Heidebur*, 417 F.3d 1002, 1004 (8th Cir. 2005) (finding district court did not abuse its discretion by imposing a contact restriction where defendant was convicted of possessing sexually explicit pictures of his twelve year-old daughter); *United States v. Rearden*, 349 F.3d 608, 620 (9th Cir. 2003) (noting that the defendant used news stories

about child murders or abductions to become sexually excited and the defendant's "own writings described in graphic detail the rape, abuse, and murder of children").

In the cases where a threat of inappropriate contact with children is apparent, the rationale for limiting interaction with children is straight-forward. For access restrictions, courts reason that "preventing [the defendant's] loitering around or living near areas where children frequent was reasonably related to . . . the goals of rehabilitating [the defendant] and protecting the public from his potential sexual interest in children." *Daniels*, 541 F.3d at 928. For restrictions where contact must be pre-approved by a Probation Officer, courts reason that "[r]equiring [the defendant] to obtain prior approval is a reasonable mechanism to promote compliance and to ensure that [his] contact with minors is reasonably limited to appropriate situations." *United States v. Mark*, 425 F.3d 505, 508 (8th Cir. 2005) (noting that defendant had previously engaged in sexual exploration with a female family member who was a minor). And for restrictions that require adult supervision, courts reason that when the evidence suggests the defendant "poses a danger to children if left alone with them," supervision "serves to (1) protect minors who may come in contact with defendant in that defendant is not likely to attempt to make sexually explicit depictions of them if

8

another adult is present; and (2) deter defendant from engaging in criminal conduct, also because defendant is not likely to attempt to make sexually explicit depictions of children if another adult is present." *United States v. Loy*, 237 F.3d 251, 268 (3d Cir. 2001) (noting that evidence indicated that he had made efforts to make sexually explicit materials involving children).

In other cases, however, the only evidence of the defendant's interest in children is the possession of child pornography. Where this is true, the threat to children is more attenuated, and thus the relationship between a condition restricting contact with children and the pertinent sentencing factors is weaker. Courts still uphold restrictions on contact, often by looking to the pornography collection – the volume and nature of the images – as an indication of the defendant's interest in children. *See United States v. Scalise*, 398 F. App'x 736, 741-42 (3d Cir. 2010) (noting that "[a]mong the 700 or so images in his collection were a number of depictions of severe child abuse"); *United States v. Blinkinsop*, 606 F.3d 1110, 1120 (9th Cir. 2010) (finding that "[the defendant's] continuing sexual interest in children, including images of sadistic and masochistic acts performed on prepubescent children" was sufficient to uphold a contact restriction on plain error review). *See also Daniels*, 541 F.3d at 927 (noting

9

that the "sheer volume" of a defendant's child-pornography collection suggests that the defendant "at least had a sexual interest in children"). And courts have reasoned that "[p]rohibitions on contacting minors and entering places frequented by minors are also increasingly common for defendants convicted of sex crimes involving children." *See United States v. Wiedower*, 634 F.3d 490, 498 (8th Cir. 2011) (upholding contact restrictions on plain error review in possession cases when the only evidence was that "the images the government found involved the sexual abuse of pre-teen minors").

In this case, there is no evidence beyond Defendants possession of child pornography to suggest that he has a sexual interest in, or is a threat to, children. There is no indication that Defendant ever sexually abused a child, produced child pornography, had a desire to harm children, or attempted to inappropriately contact a child. And, although he is now divorced from his wife, she has stated that Defendant was a wonderful father. (Presentence Investigation Report at ¶ 60.) Yet, Defendant did purchase access to a variety of child pornography websites and agents recovered several hundred child pornography images from Defendant's temporary Internet files. (SOF at 4-5.) Given Defendant's difficulty stopping himself from viewing the images and the volume of child pornography located, this Court finds generally that a condition requiring

10

adult supervision when making contact with minors is reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to provide adequate deterrence, protect the public from further crimes, and provide Defendant with treatment.

      B. <u>Deprivation of Liberty</u>

In addition to being reasonably related to the sentencing factors, when a fundamental liberty interest is at stake, the condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with training, care or treatment. *See* 18 U.S.C. § 3583(d)(2)(referencing the factors in 28 U.S.C. §§ 3553(a)(2)(B)-(D)).

The Fourth Circuit has recognized that "[t]he terms and conditions of supervised release are a substantial imposition on a person's liberty." *United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002). And, the relationship between a parent and child is a liberty interest protected by the due process clause. *See Quilloin v. Walcott,* 434 U.S. 246, 255 (1978); *Meyer v. Nebraska*, 262 U.S. 390, 399-401 (1923). Condition 5, which states, "Defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the Probation Officer," interferes with

11

that liberty interest in that it applies to all minors regardless of whether they are related to Defendant.  Defendant has three children under the age of 18.  (Mot. at 1.)  As a result, he argues that Condition 5 creates a greater deprivation of liberty than is reasonably necessary to achieve the goals of supervised release.  (Mot. at 19.)

In considering the extent to which Condition 5 imposes on Defendant's liberty, the Court first notes that it is not an absolute prohibition, as it allows Defendant to have contact with his children as long as he is with an adult approved by a Probation Officer.  *See Wiedower*, 634 F.3d at 498 (noting that in upholding contact restrictions it is important that "the defendant could always seek prior approval from the probation office to contact minors or enter areas where minors congregate").  Yet, Condition 5 is also a broad restriction in that it restricts *all* contact with minors.  Unlike conditions that limit defendants only in locations where minors frequent, Condition 5 requires Defendant to be chaperoned at all times children are present.  This breadth creates a substantial imposition on his ability to raise his children, especially considering that condition lasts for twenty years.

Courts often require exceptions for children who are family members in cases where the only charge is possession of child pornography.  *See Miller*, 594 F.3d at 190; *Blinkinsop*, 606

12

F.3d at 1122-23. Such courts reason that when there "is no evidence in the record that [the defendant] has ever sexually abused a child or that he would try to abuse his daughter once released from prison," "a condition of supervised release that limits [the defendant's] access to his daughter is not reasonably necessary either to protect [the defendant's] daughter or to further his rehabilitation." *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006); *see also Loy*, 237 F.3d at 269-70 (noting the "severe intrusion on [the defendant's] family life").

As previously indicated, there is no evidence suggesting Defendant would harm his children. Given the substantial imposition Condition 5 places on the Defendant's relationship with his children, this Court finds that it imposes a greater deprivation of liberty than is reasonable necessary and that a modification is necessary. Condition 5 is modified to read: "With the exception of brief, unanticipated, and incidental contacts, Defendant shall not associate with children under the age of 18, except for children in the presence of an adult who has been approved by the probation officer or children who are family members."

For the reasons stated above, the Court finds that this new condition involves no greater deprivation of liberty than is reasonably necessary to afford adequate deterrence, to

13

protect the public from further crimes, and to provide Defendant with treatment.

    C. <u>Delegation of Authority to Probation Officer</u>

  Next, Defendant argues that Conditions 2 and 5 improperly delegate a core judicial function to the probation officer.  Specifically, Condition 2 requires Defendant "to participate and pay for a mental health program, as directed by the Probation Officer," and Condition 5 prohibits him from having contact with under age children unless supervised by an adult who has been "approved in advance by the Probation Officer."

  Probation officers serve under the discretion of the district court and are "authorized to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court."  *See United States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995).  The "[d]etermination of whether a court has improperly delegated the judicial authority of sentencing is based on distinguishing between the delegation to a probation officer of 'a ministerial act or support service' and the 'ultimate responsibility' of imposing sentence."  *United States v. Miller*, 341 F. App'x 931, 932-33 (4th Cir. 2009) (quoting *United States v. Bernardine*, 237 F.3d 1279, 1283 (11th Cir. 2001)).  The Fourth Circuit explained that "where the court

14

makes the determination of *whether* a defendant must abide by a condition, and how . . . a defendant will be subjected to the condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." *Id.* (quoting *United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005)).

In *Miller*, the Fourth Circuit upheld a condition that is nearly identical to Condition 2. *See* 341 F. App'x at 932. That condition stated that the defendant: "Must participate in a program of testing of mental health treatment as directed by the probation officer, until such time as the defendant is released from the program by the officer." *Id.* The court reasoned that since the district court "made the determination that [the defendant] must participate in substance abuse and mental health treatment programs," "the 'directed by' language imposed upon the probation officer [is] nothing more than an assignment of ministerial duties." *Id.* at 934. Here, the Court determined Defendant must participate in and pay for a mental health program and directed the probation officer to determine the details. Thus, this Court finds that the delegation made to the Probation Officer in Condition 2 is appropriate.

Similarly, this Court finds that delegation made to the probation officer in Condition 5 is appropriate. The Fourth Circuit stated that "conditions of supervised release that

15

unequivocally impose a requirement on the defendant, but subject the defendant to the '*approval*' or 'direction' of a probation officer are permissible." *Id.* at 933. Condition 5 only permits probation officers to approve adults to supervise Defendant when he has contact with minors. Like Condition 2, this Court made the determination that Defendant must be supervised by an adult if he is to have contact with minors. The only action it delegated to the probation officer is the determination of the appropriate adults.

> D. Vagueness

Finally, Defendant argues that the conditions are vague in that they do not clearly express both the role of the Probation Office with regard to his mental health treatment, and the details of the ban on any unsupervised contact with minor children. Regarding the mental health program, Defendant specifically asks this Court to explain why it is believed Defendant should be required to participate in a mental health program and to clarify the role of the probation officer. (Mot. at 15.) This Court has addressed this concern above. And, regarding the ban on unsupervised contact, Defendant asks this court to clarify both his ability to have contact with family members who are minor children and the role of the probation officer in determining the permissibility of this contact. This Court has also addressed these concerns above.

## IV. Conclusion

For these reasons, the Court will grant in part and deny in part Defendant's Motion.

An appropriate Order will issue.


| | /s/ |
|---|---|
| December 20, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |